89 F.3d 839
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Nathaniel WASHINGTON, Plaintiff-Appellant,
v.
UNION PACIFIC RAILROAD COMPANY, Defendant-Appellee.
 No. 95-3526.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 10, 1996.*
Decided June 13, 1996.
Rehearing Denied July 17, 1996.
 
 Before BAUER, EASTERBROOK and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Nathaniel Washington was fired from his job as a laborer with the Chicago and North Western Transportation Company, which through a series of corporate reorganizations has become part of the Union Pacific Railroad. Washington contended that his employer engaged in racial discrimination, and retaliated against him for filing complaints with the EEOC.
 
 
 2
 After a bench trial, the district judge concluded that the employer had not engaged in discrimination. He accepted, as credible, testimony that the employer applied its ordinary system of penalizing excess absences and threats of violence. Washington contends on appeal that the judge should have believed his witnesses rather than the employer's, but that contention is doomed for two independent reasons.
 
 
 3
 First, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.... [W]hen findings are based on determinations regarding the credibility of witnesses, Rule 52(a) demands even greater deference to the trial court's findings". Anderson v. Bessemer City, 470 U.S. 564, 574, 575 (1985).
 
 
 4
 Second, we would be in no position to decide in Washington's favor even if his brief on appeal cast doubt on the district court's findings (which it does not). For Washington violated Fed.R.App.P. 10(b)(2) by failing to furnish a copy of the trial transcript. He asked the court to provide a transcript at public expense, but the judge properly denied that motion after certifying that any appeal would be frivolous. 28 U.S.C. § 753(f); United States v. MacCollum, 426 U.S. 317 (1976). Washington chose to put his own resources to other uses--understandable given the futility of attempting to upset a credibility finding by the trier of fact, but conclusive against him on this appeal.
 
 
 5
 Washington's remaining contentions do not require separate discussion.
 
 AFFIRMED
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant's request for oral argument is denied